UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 02-433-C**

**MARKET FINDERS
INSURANCE CORPORATION,**                                      **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**SCOTTSDALE INSURANCE
COMPANY,**                                                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to alter, amend, or vacate the court's previous order (DE 127) and the defendant's motion to schedule oral argument on this motion to alter, amend or vacate (DE 125). The court, having reviewed the record and being otherwise advised, will deny both motions.

**I.  BACKGROUND & STANDARD OF REVIEW**

The court has issued several orders discussing the background of this case, and therefore, in this order the court will refer to relevant facts when necessary without any introductory exposition.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the defendant has asked the court to alter, amend, or vacate its order of April 17, 2007. Rule 59(a) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues" in any "action in which there has been a trial by jury," or in any "action tried without a jury," and for any of the reasons for which "new trials

. . . [or] rehearings have heretofore been granted" in federal cases.[1] In general, a motion to alter or amend a judgment filed under Rule 59 "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.*

## II.  ANALYSIS

On April 17, 2007, the court entered an order granting the plaintiff's motion for summary judgment on the defendant's counterclaims (DE 123). Because these counterclaims were the only substantive issues remaining in this suit, the court also entered judgment in favor of the plaintiff (DE 124). The defendant's current motion

---

[1] Based on this language in Rule 59(a), some courts have held that a motion to alter, amend, or vacate under Rule 59 is not applicable when, as in the matter at hand, it involves a decision on a motion for summary judgment. *E.g.*, *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990).

In general, when motions to reconsider are not properly filed under Rule 59, some courts have held that they should be properly construed as motions for relief from judgment under Rule 60. *See, e.g.*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (holding that "[w]here a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60"). Thus, determining whether a motion to alter, amend, vacate, or reconsider should be construed under Rule 59 or Rule 60 is significant because "[t]he standard for granting a Rule 60 motion is significantly higher than the standard" for granting a motion under Rule 59. *Feathers*, 141 F.3d at 268.

In this matter, however, the court finds that the defendant's motion should be denied even if it is considered under the more lenient standard of Rule 59; therefore, the court will not address these issues at any greater length.

to alter, amend, or vacate is directed toward this order.

In its previous order, the court found that a 2001 letter "represents a further agreement between the parties beyond the provisions of the indemnity clauses in the original 1995 agency agreement" because, "as both parties recognize, the 2001 letter contains different terms, different language, different consideration, and a different, more specific bargain than the indemnification provisions of the original agency agreement." (DE 123 at 9-10, 9.) The 2001 letter required the defendant to assume the defense of and to indemnify the plaintiff unless "'facts *subsequently become known* which demonstrate that Market Finders caused or contributed to the cause'" of the claim in the original Texas litigation. *Id.* at 10 (quoting DE 99-8 at 1) (emphasis added in order). The court found that this clause of the 2001 letter required "Scottsdale to defend and indemnify Market Finders unless it subsequently learned that Market Finders caused or contributed to the cause of [the claim in the original Texas litigation], and the fact that Scottsdale initially paid the Texas judgment does not free it from this continuing obligation." (DE 123 at 11.) The court also found that a 2002 agreement between the parties "prevents Scottsdale from relying upon, or making any use of, anything said or done by any attorney, witness, fact-finder or jurist in the Texas litigation"; therefore, the court concluded that the defendant could not use information obtained about the Texas jury's conclusions to show that the "facts [which] subsequently become known" condition of the 2001 agreement had been met. *Id.* at 12.

**A.     The Original 1995 Agreement**

The defendant now argues that even if the court does not alter its conclusion that the 2002 agreement prevents it from using anything said or done in a subsequent proceeding against the plaintiff, it is still entitled to a jury determination as to whether the plaintiff must indemnify it pursuant to the original 1995 agreement. More specifically, the defendant argues that it can prove that "Dennis Watts and/or Market Finders . . . . [failed] to obtain Scottsdale's approval before quoting" the premiums that gave rise to the original Texas litigation. (DE 127-2 at 2-3.) This claim may or may not be true; however, the court has not and will not consider it at any length because the defendant still cannot show that it can prove this claim based on facts that became known *after* it reached the 2001 agreement with the plaintiff.

In the motion presently before the court, the defendant does not even attempt to show that it can prove its claim based on facts that emerged after the 2001 agreement; instead, the defendant argues that it can prove its claim without relying on any findings from the Texas trial. The court has found, however, that the 2001 and the 2002 agreements impose two different restrictions upon the defendant: the 2002 agreement "prevents Scottsdale from making any use of any findings from the Texas litigation in the current suit," whereas the 2001 agreement "required Scottsdale to defend and indemnify Market Finders unless it subsequently learned that Market Finders caused or contributed to the cause" of the Texas

4

litigation. (DE 123 at 7, 11.) In its previous pleadings, the defendant attempted to argue that information it obtained about the Texas jury's deliberations and conclusions constituted facts which became known subsequent to the 2001 agreement; however, the court refused to consider these allegations because the court found that they were barred by the 2002 agreement. The defendant now argues that its claims can be proved without reference to findings from the Texas trial barred by the 2002 agreement, but the defendant has failed to show that it can overcome its original problem: namely, supporting its claims based on facts which became known subsequent to the 2001 agreement. Thus, the court finds that far from showing the clear error of law, newly discovered evidence, intervening change in controlling law, or the possibility of manifest injustice required for relief under Rule 59, this argument merely restates the defendant's original claims. Accordingly, the court will not address it at any further length.

**B.     Richard Winter's Deposition**

Based on the deposition of Richard Winter, who was the lead trial counsel for both parties in the Texas litigation after they reached the 2001 agreement and began conducting a joint defense, the defendant also argues that the court should amend its findings about the 2001 agreement. The defendant did not discuss Winter's deposition testimony in its earlier pleadings because it claims that his deposition "did not take place until February 7, 2007, just two (2) days prior to the filing of Scottsdale's Response. Thus, the deposition transcript was unavailable

and could not be cited to by Scottsdale in its Response." (DE 127-2 at 3.) Accordingly, the defendant now asks the court first "to supplement the record herein to include the relevant testimony of Winter" and then, after considering Winter's deposition, to reconsider its previous findings and conclusions.[2]

In general, courts have held that "[w]hen supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence [has been] newly discovered" after the decision being challenged, or, "if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Buell v. Sec. Gen'l Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir. 1993) (quoting, inter alia, *Chery v. Bowman*, 901 F.2d 1053, 1057-58 n.6 (11th Cir. 1990)); *see also Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (citing *DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135 (3d Cir. 1980), and holding "that the unexcused failure to present evidence which is available at the time summary judgment is under consideration constitute[s] a valid basis for denying a motion" under Rule 59); *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (gathering cases, including *Buell*, and finding that "evidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before").

---

[2] The defendant has not argued that the court's previous order is based upon a clear error of law, or that it imposes a manifest injustice, or that there has been an intervening change in controlling law. Thus, the issues raised by Winter's deposition are the only issues presently before the court.

The defendant does not attempt to argue that Winter's deposition testimony was unavailable at the time of the court's previous order. Instead, the defendant simply argues that, owing to the date on which it deposed its own former trial counsel, it could not obtain a *transcript of his testimony* suitable to support a citation before filing its response. Thus, there is no dispute that the testimony at issue in this matter was available well before the court's previous decision. Indeed, there is no dispute that this testimony was available – and, in fact, had actually been uncovered by the defendant – *even before the defendant filed its response to the motion at issue in the court's previous decision*. In other words, Winter's testimony was neither unavailable and undiscoverable nor unavailable and discoverable but undiscovered despite the defendant's diligent efforts. It was available, and discoverable, and in fact it was discovered, well before the decision now under challenge and indeed before the defendant's last substantive pleading.

Therefore, the court finds that the defendant's alleged inability to prepare a *transcript* of Winter's deposition before filing its response provides no reason for the court to consider or admit this deposition as the sort of supplemental, previously unavailable evidence contemplated by Rule 59. Thus, the court need not and will not address the content of Winter's deposition, the accuracy of the defendant's characterizations of Winter's deposition, the relevance and admissibility of Winter's deposition as parol evidence, or any of the other related substantive

issues raised by the parties' current pleadings.³  Furthermore, because the court will neither admit nor further consider Winter's deposition testimony, the court finds that there is no need for a hearing to consider the issues by the defendant's motion to alter, amend, or vacate.  Accordingly,

**IT IS ORDERED** that the defendant's motion for a hearing (DE 125) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to alter, amend, or vacate the court's previous order (DE 127) is **DENIED**.

Signed on  July 9, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**

---

³ Although the court need not and will not address any further issues directly related to Winter's deposition, the court will briefly clarify one additional issue raised by the current pleadings.  Although the court did analyze the consideration, language, and terms of both the 2001 agreement and the 2002 agreement in its previous order, the court did not expressly find that these agreements are clear and unambiguous.

The defendant now argues, in the absence of such an express finding, that these agreements are both facially ambiguous, and therefore, the defendant claims, it would be appropriate for the court to consider Winter's testimony as parol evidence to resolve this ambiguity.  To remove any confusion, the court, on its own motion, will clarify its previous order: based on its prior analysis of the consideration, language, and terms of both the 2001 agreement and the 2002 agreement, the court finds that both of these agreements are clear and unambiguous.